# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| OTTO CUYLEAR,<br>Individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BROSNAN RISK CONSULTANTS, LTD.<br><br>*Defendant.* | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff—Otto Cuyler—brings this action individually and on behalf of all other hourly field security supervisors (collectively "Plaintiff and the Putative Collective Members") who worked for Defendant—Brosnan Risk Consultants, Ltd. ("Brosnan")—at any time from August 17, 2020, through the final disposition of this matter to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

## I.
## OVERVIEW

1. This is an action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Defendant as hourly field security supervisors and/or security officers, at any time from August 17, 2020, through the final disposition of this matter, who were not paid overtime compensation in violation of the FLSA.

3. Although Plaintiff and the Putative Collective Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

4. The decision by Defendant not to pay overtime compensation to Plaintiff and the Putative Collective Members was neither reasonable nor in good faith.

5. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members overtime of at least one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff, Otto Cuylear ("Cuylear"), was employed by Defendant during the relevant time period. Plaintiff Cuylear did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

9. The FLSA Collective Members are those current and former hourly field security supervisors and security officers who worked for Defendant at any time from August 17, 2020,

---

[1] The written consent of Otto Cuylear is attached hereto as Exhibit "A."

through the final disposition of this matter, and were subject to the same illegal pay system under which Plaintiff Cuylear worked and was paid.

10. Defendant, Brosnan Risk Consultants, Ltd. ("Brosnan"), is a New York limited company licensed and business in the State of Texas, and may be served through its registered agent for service of process: **CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.**

## III.
## JURISDICTION & VENUE

11. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the FLSA, 29 U.S.C. §§ 201–19.

12. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

13. This Court has specific personal jurisdiction over Defendant because Plaintiff's claims arose within this District as a result of Defendant's conduct within this District and Division.

14. Venue is proper pursuant to 29 U.S.C. § 1391 in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

16. Defendant Brosnan is a "full-service protective, investigative and intelligence firm to a global network of clients."

17. Plaintiff Cuylear was employed by Defendant as an hourly field supervisor from approximately February of 2020 to February of 2022.

18. Plaintiff Cuylear and the Putative Collective Members surveilled various Wal-Mart store locations that contracted with Defendant for security services.

19. Specifically, Plaintiff Cuylear was responsible for the surveillance of thirteen (13) Wal-Mart locations in El Paso, Texas.

**Failure to Pay Overtime**

20. Defendant classified the Plaintiff and Putative Collective Members as hourly employees, therefore entitled to overtime under the FLSA.

21. Plaintiff Cuylear's "scheduled" shift for Defendant was 6 a.m. to 3 p.m., Monday through Friday.

22. Plaintiff Cuylear typically worked approximately sixty (60) to seventy (70) hours each week, or 9-12 hours per day for 5-6 days per week.

23. However, Plaintiff Cuylear was only paid for forty (40) hours per week.

24. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over forty (40) each week.

25. Plaintiff and the Putative Collective Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

26. Accordingly, Defendant's pay policies and practices willfully violated (and continue to violate) the FLSA.

**V.
CAUSE OF ACTION**

**COUNT ONE**
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

27. The preceding paragraphs fully incorporated herein.

28. FLSA Collective is defined as:

**ALL CURRENT AND FORMER HOURLY FIELD SECURITY SUPERVISORS AND SECRITY OFFICERS WHO WORKED FOR BROSNAN RISK CONSULTANTS, LTD., AT ANY TIME FROM AUGUST 17, 2020, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE NOT PAID OVERTIME. ("FLSA Collective" or "FLSA Collective Members").**

29. At all material times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

30. At all material times, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

31. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

32. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

33. In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

34. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendant who assisted Defendant's customers who live throughout the United States. 29 U.S.C. § 203(j).

35. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

36. In violating the FLSA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable federal law.

37. The proposed collective of similarly situated employees, in other words, the FLSA Collective Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 28.

38. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

**B.    FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA**

39. Defendant violated provisions of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

40. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant's are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

41. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiffs the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

42. Defendant knew or should have known its pay practices were in violation of the FLSA.

43. Defendant is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

44. Plaintiff and the FLSA Collective Members, on the other hand, were unsophisticated employees who trusted Defendant to pay them according to the law.

45. The decision and practice by Defendant to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

46. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

47. All previous paragraphs are incorporated as though fully set forth herein.

48. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Defendant's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

49. Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

50. The FLSA Collective Members are defined in Paragraph 28.

51. Defendant's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Defendant and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

52. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

53. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

54. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

55. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

56. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

57. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

58. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 28 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

59. Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 28 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

c. For an Order awarding the costs and expenses of this action;

d. For an Order awarding attorneys' fees;

e. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 17, 2023	Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:	/s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Counsel for Plaintiff and the Putative Collective Members*

Exhibit A

**CONSENT TO JOIN WAGE CLAIM**

Print Name: Otto D Cuylear

1. I hereby consent to participate in a collective action lawsuit against **Brosnan Risk Consultants** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Otto D Cuylear (Aug 17, 2023 14:59 MDT)    Date: 08/17/23